## Skiff *v.* Mershon *et al.*

In a proceeding to foreclose a mortgage, where the decree recites that
the cause was heard on the papers and proof, and that the court below
found that the complainant was entitled to a decree, and where the
evidence is not brought to the supreme court, the appellate court is
bound by the finding of the court below.

Treating an action to foreclose a mortgage as a proceeding in chancery,
and granting that the case comes to the appellate court for hearing
upon the facts, it must appear that the testimony upon which the court
below acted, is before the supreme court, before it can say that the
finding of the court below was wrong.

*Appeal from the Jasper District Court.*

WEDNESDAY, OCTOBER 20.

An action to foreclose a mortgage. Decree for complainant, and respondents appeals. The material facts will be found in the opinion of the court.

. *Seevers, Williams & Seevers,* for the appellants.

*S. A. Rice* and *H. J. Skiff,* for the appellee.

WRIGHT, C. J.—In most respects, this case involves the same questions as are decided in *Deland* v. *Mershon et ux. ante* 70, and as to these the decree below is affirmed.

A further point is made, however, based upon the following facts : The mortgage is made by James & N. T. Mershon to H. J. Skiff, to secure a note made by Mershon & Bros. to H. J. Skiff & Co. It is objected that Skiff could not foreclose, for the non-payment of the note payable to H. J. Skiff & Co. The petition avers that the amount intended to be secured by the mortgage, is unpaid, and is still due and owing to the petitioner. This was denied, and this, with the other issues made, were submitted to the court. The court found for the complainant, but upon what testimony does not appear; nor is it pretended that the testimony offered on the trial has been certified to this court. The demurrer did not raise the objection, that the note had not been assigned to Skiff, nor that he did not, by attaching a copy of the assignment, or otherwise, show himself entitled to recover. If the court below, on the hearing, found that complainant was entitled to maintain the action, (and this is expressly stated in the decree), we must regard ourselves as bound by the finding. For, treating this as a chancery proceeding, and that the case comes up for hearing upon the merits, it ought to appear that the testimony upon which the court below acted, is before us, before we can say that the finding was wrong. There is

no testimony before us, and yet the decree recites that the "cause was heard upon the papers and proof."

Decree affirmed.